IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JADON MARQUE BALLARD, | § | |
| TDCJ #1141586, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1826 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent.[1] | § | |

## MEMORANDUM AND ORDER

The petitioner, Jadon Marque Ballard, is an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Ballard has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court conviction. He has also submitted a memorandum of law with his petition. He appears *pro se* and he has neither paid the filing fee nor submitted a motion for leave to proceed *in forma pauperis*. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

---

[1]  The petition names Doug Dretke as the respondent. On June 1, 2006, Nathaniel Quarterman replaced the former respondent, Doug Dretke, as Director of the Texas Department of Criminal Justice - Correctional Institutions Division. Thus, under Rule 25(d) of the Federal Rules of Civil Procedure, the Court automatically substitutes Quarterman as the proper respondent in this action.

## I.    BACKGROUND

Ballard indicates that he was convicted of unlawful possession of a controlled substance, namely, "crack cocaine," following a bench trial on November 20, 2002.  As a result, the 208th District Court of Harris County, Texas, sentenced Ballard to serve twenty-five years in prison.  An intermediate court of appeals affirmed the conviction.  *See Ballard v. State*, No. 06-03-0013-CR, 2003 WL 22723137 (Tex. App. — Texarkana Nov. 20, 2003).  Ballard did not appeal further by filing a petition for discretionary review with the Texas Court of Criminal Appeals.

Ballard's federal habeas corpus petition, which is dated May 25, 2006, raises several related grounds for relief.  In essence, Ballard argues that his conviction should be set aside for the following reasons:  (1) the conviction was based on evidence (*i.e.*, a quantity of crack cocaine) that was obtained unlawfully; and (2) he is "actually innocent" because, without the unlawfully obtained evidence, the proof presented at trial was factually insufficient to support a guilty verdict.  The petition, which was filed well over one year from the time that the underlying conviction became final, appears barred by the governing one-year statute of limitations for federal habeas corpus review.  More importantly, Ballard is not entitled to federal habeas corpus relief because his claims are without merit for reasons that follow.

## II.    ONE-YEAR STATUTE OF LIMITATIONS

According to the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d)(1).

Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

Ballard challenges a state court judgment that was entered on November 20, 2002. The statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(A) at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." An intermediate court of appeals affirmed Ballard's conviction on November 20, 2003. Although he did not pursue a petition for discretionary review with the Texas Court of Criminal Appeals, his time to do so expired thirty days later on or about December 20, 2003. *See* TEX. R. APP. P. 68.2. That date triggered the statute of limitations for federal habeas corpus review, which expired one year later on December 20, 2004. Ballard's federal habeas corpus petition, executed by him on May 25, 2006, is untimely and is therefore barred from review unless an exception applies to toll the limitations period.

In some circumstances a federal habeas corpus petitioner may be entitled to statutory tolling under 28 U.S.C. § 2244(d)(2), which excludes from the limitations period the time during which a "properly filed" application for state habeas corpus or other collateral review is pending. *See Artuz v. Bennett*, 531 U.S. 4 (2000). Ballard discloses that he filed a previous federal habeas corpus petition to challenge his conviction for possession of a controlled substance. That petition, dated July 23, 2003, was dismissed shortly after it was filed on August 1, 2003, without prejudice, for the petitioner's failure to exhaust state court

3

remedies.  *See Ballard v. Cockrell*, Civil Action No. H-03-2953 (S.D. Tex.).  The Supreme Court has decided that federal habeas corpus proceedings do not qualify as "state" habeas or other collateral review for purposes of § 2244(d)(2).  *See Duncan v. Walker*, 533 U.S. 167, 181 (2001).  Accordingly, the minimal amount of time during which this federal habeas corpus proceeding was pending does not count for purposes of statutory tolling.

Ballard reports that he filed a state habeas corpus application on February 9, 2005, which the Texas Court of Criminal Appeals denied on March 1, 2006.  *See Ex parte Ballard*, No. 64,116-01 (Tex. Crim. App.).  Because this state habeas proceeding was filed long after the limitations period had already expired, however, it has no tolling effect for purposes of § 2244(d)(2).  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

A review of the pleadings reveals no other grounds for statutory tolling of the limitations period.  Likewise, the chronology outlined in the pleadings reflects substantial delay on the petitioner's part in pursuing federal habeas corpus relief and there is no other apparent basis for equitable tolling.  *See Melancon v. Kaylo*, 259 F.3d 401, 407-08 (5th Cir. 2001)  The Court concludes, therefore, that the pending federal habeas corpus petition is barred by the applicable one-year limitations period.  Alternatively, the Court concludes that federal habeas corpus relief is unavailable because the petitioner's claims are without merit.

III.   **THE PETITION IS WITHOUT MERIT**

According to Ballard, the Texas Court of Criminal Appeals rejected his claims on state habeas corpus review. *See Ex parte Ballard*, No. 64,116-01 (Tex. Crim. App. March 1, 2006). Because this was an adjudication on the merits, Ballard is not entitled to federal habeas corpus relief unless the state court's conclusion:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362 (2000). Even under the liberal construction accorded to *pro se* litigants, Ballard falls far short of meeting this standard. In that regard, Ballard has not established that he is entitled to federal habeas corpus relief on the merits of his claims.

A.   **Unlawful Search and Seizure**

Ballard contends that rocks of crack cocaine were admitted at trial improperly because this evidence was obtained as the result of an illegal seizure that was made by the arresting officer without probable cause. These claims are governed by the Fourth Amendment to the United States Constitution, which prohibits unreasonable searches and seizures. Because Ballard had an opportunity to litigate this issue in state court, his claims are barred from habeas corpus review for reasons explained below.

In *Stone v. Powell*, 428 U.S. 465, 494 (1976), the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." The Fifth Circuit has since interpreted an "opportunity for full and fair litigation" to mean just that: "an opportunity." *Janecka v. Cockrell*,  301 F.3d 316, 320 (5th Cir. 2002) (citing  *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978)), *cert. denied*, 537 U.S. 1196 (2003). "If a state provides the processes whereby a defendant can obtain full and fair litigation of a [F]ourth [A]mendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes."  *Id.*

Texas affords a process for criminal defendants to file a motion to suppress under Article 28.01 of the Texas Code of Criminal Procedure.  Although Ballard apparently did not file a motion to suppress prior to trial, this avenue was available to him.  Ballard attempted to raise his Fourth Amendment claims on direct appeal.  His claims were rejected implicitly, however, when the state court found that his counsel was not ineffective for failing to file a motion to suppress under the circumstances because "various bases" existed to justify the complained of seizure.[2] *See Ballard v. State*, No. 06-03-0013-CR, 2003 WL 22723137, *2

---

[2]     The appellate court determined that, based on the record, a motion to suppress " would have been unavailing." *See Ballard*, No. 06-03-0013-CR, 2003 WL 22723137, *2. For example, the appellate court noted that the officer conducted an initial pat-down search after encountering Ballard in the middle of the street with two other individuals and then placed Ballard in his squad car for reasons of safety because the officer was outnumbered and so that he could run a check for outstanding warrants. *See id.* at *1.  The appellate
(continued...)

(Tex. App. — Texarkana Nov. 20, 2003, no pet.).  Ballard indicates that he also raised claims concerning the search and seizure on state habeas corpus review, but that relief was denied.  (Doc. #1, *Petition*, ¶ 11).

The pleadings establish that Ballard was afforded ample opportunity for review of his Fourth Amendment claims at the state level.  This review is sufficient to trigger the *Stone* bar.  *See Janecka*, 301 F.3d at 320; *see also Moreno v. Dretke*, 450 F.3d 158, 167 (5th Cir. 2006) ("absent a showing that  . . . Texas courts systematically and erroneously apply the state procedural bar rule to prevent adjudication of Fourth Amendment claims," the *Stone* bar obtains).  Therefore, Ballard's Fourth Amendment claims are precluded from federal habeas review.

### B.    Factual Insufficiency

Ballard argues further that, absent the evidence obtained as the result of the allegedly unlawful search and seizure, the proof presented at trial was insufficient as a matter of fact to support the conviction.  To the extent that Ballard attempts to challenge the factual sufficiency of the evidence, such a claim is not cognizable on federal habeas corpus review.  A federal habeas corpus court reviewing a petition under 28 U.S.C. § 2254 asks only whether a constitutional violation infected the petitioner's state trial.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir.), *cert. denied*,

---

[2](…continued)
court noted further that Ballard, at the time of the seizure, was "stopped with his bicycle in the middle of a public thoroughfare talking to people in a stopped car," which was a violation of Penal Code and Transportation Code provisions prohibiting the obstruction of traffic, among other things. *Id.* at *2 (citations omitted).

510 U.S. 1025 (1993).  Under Texas law, evidence is factually insufficient as a matter of law
if the proof adduced at trial does not conform to the jury charge.  *See Brown v. Collins*, 937
F.2d 175, 176 (5th Cir. 1991).  This determination is one based on state evidentiary law and,
therefore, presents no issue of "constitutional caliber."  *Id.*; *see also Pemberton*, 991 F.2d
at 1223 (explaining that state evidentiary law "has no effect on our review of the
constitutionality of a trial, unless it is asserted that the state law itself violates the
Constitution").

The Fifth Circuit has made clear that, for purposes of federal habeas corpus review,
a state conviction need only satisfy the legal sufficiency standard set out in *Jackson v.
Virginia*, 443 U.S. 307 (1979).  *See Ramirez v. Dretke*, 398 F.3d 691, 694 (5th Cir. 2005)
(citing *West v. Johnson*, 92 F.3d 1385, 1394 (5th Cir. 1996), *cert denied*, 520 U.S. 1242
(1997)).  Ballard does not clearly raise a challenge to the legal sufficiency of the evidence
in his pending petition.  Likewise, it is not apparent from the pleadings that such a challenge
was properly exhausted in the state courts by presenting such a claim to the Texas Court of
Criminal Appeals.  Even if this claim had been properly exhausted and raised in the federal
petition, Ballard's allegations do not demonstrate that the evidence was legally insufficient.

The governing inquiry in a legal-sufficiency analysis requires only that a reviewing
court determine "whether, after viewing the evidence in the light most favorable to the
prosecution, any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt."  *Jackson*, 443 U.S. at 319.  In conducting that review, a federal
habeas corpus court may not substitute its view of the evidence for that of the fact finder, but

must consider all of the evidence in the light most favorable to the prosecution.  *See Weeks v. Scott*, 55 F.3d 1059, 1061 (5th Cir. 1995).  "Where a state appellate court has conducted a thoughtful review of the evidence, moreover, its determination is entitled to great deference."  *Callins v. Collins*, 998 F.2d 269, 276 (5th Cir. 1993), *cert. denied*, 510 U.S. 1141 (1994) (citation omitted).

Ballard was charged with possession of a controlled substance.  To establish unlawful possession of a controlled substance, the State must prove that the accused (1) exercised control, custody, control, and management over the contraband, and (2) knew that what he possessed was contraband. *See Joseph v. State*, 897 S.W.2d 374, 376 (Tex. Crim. App. 1995). The intermediate state court of appeals rejected a challenge to the legal and factual sufficiency of the evidence by Ballard after making the following findings of fact about the underlying offense:

> The following sequence of events is shown by the record. The arresting officer, Nathaniel Sanchez, saw a vehicle with two female occupants stopped in the road, with Ballard standing with his bicycle next to the driver's side window. The officer questioned the three of them and did a pat-down search of Ballard. He testified he found nothing, but because there were three individuals there and because of his fear that matters might escalate, he placed Ballard in the back of his police car while he was running a records search. The search took only two or three minutes and revealed that Ballard had outstanding warrants. The officer testified he took a bag from the handlebars of Ballard's bicycle and found a Right Guard can, in which he found crack cocaine. The officer also testified he noticed the bag hanging from the handlebars when he first approached Ballard.  Ballard testified that he had never seen the can before and that it must have been on the ground under his bicycle where he laid it down on the street when the officer took him to the police car.
>
> . . . Ballard argues the evidence is insufficient to support his conviction. In our review of the legal sufficiency of the evidence, we view the relevant

evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In reviewing for factual sufficiency, we view the evidence in a neutral light, favoring neither party. *Id.* We set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.*

In this case, there is testimony that leads to the conclusion Ballard was in possession of the contraband, and there is testimony from Ballard that it did not belong to him. When evidence is in conflict, it is the duty of the fact-finder to decide. The evidence is legally sufficient, and we cannot say the fact-finder's determination is so against the overwhelming weight of the evidence as to be clearly wrong and unjust. The contention is overruled.

*Ballard v. State*, No. 06-03-0013-CR, 2003 WL 22723137, *1 (Tex. App. — Texarkana Nov. 20, 2003, no pet.).

As the court of appeals noted, Ballard's primary allegation (that there was no evidence establishing that he possessed a controlled substance) was resolved against him by the finder of fact at trial. In reviewing the sufficiency of the evidence, a federal habeas corpus court must defer to fact findings made by the state court, which are entitled to the presumption of correctness found at 28 U.S.C. § 2254(e)(1). *See Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001), *cert. denied*, 537 U.S. 883 (2002). A reviewing court must also defer to credibility findings made by the finder of fact. *See id.* at 948, n.11; *see also Knox v. Butler*, 884 F.2d 849, 851 (5th Cir. 1989), *cert. denied*, 494 U.S. 1088 (1990). Ballard makes no effort to meet his burden under § 2254(e)(1) to rebut the state court's fact findings with clear and convincing evidence. With requisite deference to the state appellate court's review, *see Callins*, 998 F.2d at 276, this Court concludes that a rational trier of fact could have found the essential elements of the offense charged beyond a reasonable doubt. Accordingly,

Ballard fails to show that his conviction was supported by insufficient evidence in violation of the *Jackson v. Virginia* standard. Therefore, Ballard is not entitled to federal habeas corpus relief on an insufficiency-of-the-evidence theory.

### C.    Actual Innocence

In challenging the factual sufficiency of the evidence, Ballard maintains that he is actually innocent for purposes of raising a claim under *Schlup v. Delo*, 513 U.S. 298 (1995), reasoning that a Fourth Amendment violation in his case has resulted in the conviction of an innocent man. In *Schlup*, the Supreme Court explained that a petitioner seeking to surmount a procedural default through a showing of "actual innocence" must support his allegations with new, reliable evidence that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *Id.* at 326-27. *See Bosley v. Cain*, 409 F.3d 657, 662 (5th Cir. 2005) (discussing the petitioner's burden of proof under *Schlup*); *see also Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (same). Examples of new, reliable evidence that may establish factual innocence include exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence. *Schlup*, at 324; *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992).

To the extent that Ballard asserts a claim of actual innocence to overcome a procedural default associated with his failure to raise a Fourth Amendment claim properly in the state courts, he neither references nor presents any new reliable evidence to establish his innocence as a matter of fact. Instead, he raises only legal arguments to challenge the

legitimacy of the search and seizure that resulted in the recovery of evidence that was admitted against him at trial. Thus, Ballard falls far short of the showing necessary to fit within the exception to procedural default under the *Schlup v. Delo* standard. *See House v. Bell*, — U.S. —, 126 S. Ct. 2064 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under *Schlup v. Delo*). Likewise, Ballard further fails to meet the high standard of proof needed to make a stand-alone claim of actual innocence under *Herrera v. Collins*, 506 U.S. 390 (1993). *See House*, — U.S. —, 126 S. Ct. at 2086-87 (finding that the petitioner fell short of the threshold showing necessary to make a claim of actual innocence under *Herrera*). For this reason, Ballard is not entitled to federal habeas corpus relief based on his allegations of actual innocence.

## IV.    CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For all of the reasons discussed above, the Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner has stated a valid claim. Accordingly, the petitioner is not entitled to a certificate of appealability under the governing standard found in § 2253.

V.    <u>**CONCLUSION AND ORDER**</u>

The federal courts are authorized to dismiss habeas corpus petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief.  28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Because the claims raised by the petitioner are clearly without merit, the petition lacks an arguable basis in law and is subject to dismissal for that reason.  *See McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).

Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1.   The federal habeas corpus petition is **DENIED** and this case is **DISMISSED** with prejudice.

2.   A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **July 13, 2006.**

Nancy F. Atlas
United States District Judge

14